AVERY, (UNITED STATES v.) See Case No. 14,481.

---

## Case No. 677.

### AVERY v. The WANATA.

[44 Fed. 361, note.]

### Circuit Court, S. D. New York.

ADMIRALTY — DECREE FOR DAMAGES TO SEVERAL LIBELANTS—APPEAL.

[A decree for damages for collision in favor of several libelants should be for a gross sum, to be distributed by the clerk, and not for the several amounts of the loss or damage of each, if any one of such amounts will be for a sum less than $2,000, so that an appeal therefrom may therefore be denied.]

[See note at end of case.]

[In admiralty. Libel by John W. Avery and W. Hall Johnson, executors of Josiah Johnson, deceased, John Carrol, and others, against the schooner Wanata, George Sparrow and others, claimants, for damages growing out of a collision. Decree for libelants. Heard on application of claimants to have the decree award a gross sum, so as to permit an appeal to be taken to the supreme court, it appearing that each of the awards to the several libelants was below the jurisdictional amount of $2,000. Claimants' application granted. Decree afterwards affirmed. The Wanata v. Avery, 95 U. S. 600.]

WOODRUFF, Circuit Judge. The claimants ask that the decree herein may award a gross sum to the libelants, and execution therefor; the same to be distributed by the clerk to the several libelants, according to the amounts of their several loss or damage caused by the collision, for which the schooner is condemned. The libelants, on the other

hand, ask that the decree be in substance several decrees; that is to say, that it condemn the schooner for each several amount of loss, and award execution to each libelant to collect the amount of his separate loss. The materiality of these conflicting claims is supposed to arise from the apprehension of an appeal by the libelants to the supreme court, and a suggestion that, if the decree were in the form last mentioned, no appeal would lie from those parts of the decree which awarded to either or any of the libelants a sum less than $2,000; and that the supreme court would not have jurisdiction to reverse any part except that which awards more than $2,000 to one of the libelants. Whether the form proposed by the claimants of decreeing the payment of a gross sum, to be distributed among the libelants, will affect the question of the jurisdiction of the supreme court to reverse the whole decree if found erroneous, is not for this court to decide. If the apparent injustice of compelling the claimants to pay a part of the loss when the decision of the supreme court, as the case may be, declares that the claimants or their schooner have been wrongfully condemned, and ought not to be required to pay anything, can be avoided without violating any important rule of practice or form, then surely such avoidance would be matter for satisfaction rather than regret. Such apparent injustice was strongly illustrated in the case of Rich v. Lambert, 12 How. [53 U. S.] 347, and perhaps still more strikingly in the cases of The Mary Eveline, [Case No. 9,211;] and Merrill v. Petty, 16 Wall. [83 U. S.] 338, 348. I therefore settle the decree in the form which the claimants have requested.

[NOTE. In affirming the decree of the circuit court, Mr. Justice Clifford, speaking for the supreme court, said: Everywhere it is admitted that an appeal in admiralty carries up the whole fund, and that it is the duty of the circuit court to execute its own decree; and it is equally clear that the fund in this case consists of the stipulation given in the district court for costs, the stipulation given there for value, and the bond or stipulation in the sum of $2,000, to prosecute the appeal with effect, and pay all damages and costs awarded against them, if the appellants shall fail to make their appeal good. Montgomery v. Anderson, 21 How. (62 U. S.) 386. Two points were ruled in that case applicable to this: (1) That the appeal in admiralty carries up the res; (2) that the circuit court must carry into execution its own decree. The Collector, 6 Wheat. (19 U. S.) 194; 2 Pars. Shipp. 493. Sureties in such an appeal bond or stipulation may become liable for the whole amount specified, as the condition of the instrument is that the principal shall prosecute his appeal with effect, and pay all damages awarded against the appellant, if he fail to make good his appeal. Hence it was decided by this court that the surety in such a bond is liable for the entire amount of damages and costs, to the extent of the penalty, and interest thereon from the date of the institution of the suit, when the property attached produces less than the judgment or decree. Ives v. Merchants' Bank, 12 How. (53 U. S.) 159. Examined in the light of these suggestions, as the decree should be, it is mainfest

that it contains no error, as the amount of the stipulation for value is decreed to be paid to the libelants in part discharge of the taxed costs, leaving the balance of the taxed costs and the accrued interest from the date of the decree in the district court to the date of the decree in the circuit court to be paid by the sureties in the appeal bond, which may, by the rules and usages which belong to courts of admiralty, be treated as an admiralty stipulation. 1 Stat. 276; Adm. Rules, 5, 21.]